UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
RIO VALLEY MOTORS COMPANY, LLC
    Debtor.                                         No. 11-06-11866 SS

**ORDER DENYING DEBTOR-IN-POSSESSION'S APPLICATION
TO EMPLOY WILLIAM L. NEEDLER AS CHAPTER 11 COUNSEL**

The application of the Debtor-in-Possession ("Debtor" or "Applicant") to employ as its chapter 11 counsel William L. Needler and Associates ("Counsel") (doc 5), the Rule 2016 statement (doc 6), the amended application and amended Rule 2016 statement (doc 130) and the objection thereto filed by Valley National Bank (doc 175)[1] came before the Court for a preliminary hearing on July 2, 2007. Having considered the case file and the presentations of counsel, the Court finds that it should issue a partial ruling on the rate of compensation but defer ruling on the employment of Counsel as such.

Background

Debtor, through Counsel, filed its voluntary chapter 11 petition on October 13, 2006 (doc 1). On the same day Debtor, also through Counsel, filed the application to employ Counsel (doc 5), together with Counsel's disclosure statement pursuant to

---

[1] The Bank has objected to the employment on several grounds, including that Applicant and Counsel have taken too long to notice out the application and that Counsel is no longer needed in the case. Given that the vast bulk of Counsel's work for the estate was for the period prior to when the Court will be approving the employment of Counsel, these objections by the Bank are effectively largely sustained. The Bank's concerns about the source of payments to Counsel is addressed at least initially in this decision.

§ 329 and Rule 2016 F.R.B.P.  The application sought approval of Mr. Needler's services at the rate of $265 per hour.  The Rule 2016 statement disclosed that Counsel had received, prior to the filing of the petition, a retainer of $13,500 comprised of $3,500 from Debtor ("Corporate Funds") and $10,000 "which were Third Party Funds from a person not a Creditor", and that these funds were a portion of an agreed upon retainer of $25,000 plus the chapter 11 filing fee of $1,039, so that the Counsel expected a further deposit of $12,539.  The answer to question no. 9 of the Statement of Financial Affairs ("SOFA") concerning payments for debt counseling or bankruptcy (doc 47) mostly mirrored this disclosure, but identified the payor of the $10,000 only as a "Third Party".

On March 18, 2007, Counsel filed an amended Rule 2016 statement, which detailed, corrected and supplemented the original Rule 2016 statement.  Doc 130.  The amended statement, in an attached schedule A, listed payments received by Counsel prepetition and postpetition which made up the $25,000 retainer together with the $1,039 filing fee.  It set out the following payments:

| Payor | Date of payment | Amount |
|---|---|---|
| Prepetition: | | |
| Debtor | July 31, 2006 | $ 5,000 |
| Olivia Lopez | October 10, 2006 | $ 3,500 |

| Carlos Trujillo[2] | October 12, 2006 | $10,000 |
| Postpetition: | | |
| Olivia Lopez | November 1, 2006[3] | $ 5,000 |
| Carlos Trujillo | November 17, 2006 | $ 2,539 |
| Total | | $26,039 |

No further action was taken on the application until Debtor's local counsel (Walter L. Reardon, who essentially took over the case in late February 2007 (see doc 119)) sent out a notice of the filing of and deadline to object to the application on May 17, 2007. Doc 172. Valley National Bank timely objected to the application. Doc 175. As contemplated by the Court's local rules, which put the burden on a party seeking relief either to submit to the court a form of order evidencing the consent of all parties in interest or to notice up a deadline for objections to the relief sought, the filing of the objection led to the preliminary hearing. See NM LBR 9013-1 (Aug. 1996).[4]

Discussion

---

[2] A "Carlos Trujillo" is identified as the "General Sales Manager". SOFA 3©. He is to be distinguished from Rick Trujillo, who signed the petition as the "president" of the debtor in possession (doc 1) and who is listed, under the name Ricardo B. Trujillo, as the "managing member 100%" of the debtor LLC. SOFA 21(b).

[3] Schedule A literally lists the last two payments as having been made in November 2007, an obvious typographical error which the Court has corrected in the text of this order.

[4] Had Counsel complied with the local rules immediately upon the filing of the application, Counsel would presumably have learned of the defect in the application early on, corrected it, and had its employment approved at a much earlier date.

Page 3 of 11

Case 06-11866-s11    Doc 216    Filed 08/29/07    Entered 08/29/07 11:48:00 Page 3 of 11

Under § 327 an applicant bears the burden of establishing that the chosen professional meets the requirements of the Code and the rules. Interwest Business Equipment, Inc. v. United States Trustee (In re Interwest Business Equipment, Inc.), 23 F.3d 311, 318 (10th Cir. 1994) (It was not an abuse of discretion to deny counsel's request to represent as chapter 11 counsel three related debtors in possession with intercompany claims against each other.). This is done by application and accompanying affidavits. Id.; Rules 2014 and 2016, F.R.B.P. Sections 327, 328 and 329 are all implicated in the disclosure process which enables a court to determine whether a professional should be employed and compensated. Id., at 317.[5]

The disclosure requirements of § 329 are mandatory, not permissive. Winship v. Cook (In re Cook), 223 B.R. 782, 790 (10th Cir. B.A.P. 1998), citing In re EWC, Inc., 138 B.R. 276, 280 (Bankr. W.D. Okla. 1992); Jensen v. United States Trustee (In re Smitty's Truck Stop, Inc.), 210 B.R. 844, 848 (10th Cir. B.A.P. 1997) (Counsel's failure to disclose source of retainer resulted in loss of all compensation).

---

[5] In Jensen v. United States Trustee (In re Smitty's Truck Stop, Inc.), 210 B.R. 844, 848 (10th Cir. B.A.P. 1997) had the disclosure issue not arisen almost three years after counsel in that case had been employed, Id. at 847, it may well have been that the attorney would not have been employed. In any event, Interwest Business provides sufficient support for the proposition that insufficient financial disclosure is a basis for not employing a professional. Id., at 317.

Page 4 of 11

> Debtor's counsel must lay bare all its dealings ...
> regarding compensation.... Counsel's fee revelations
> must be direct and comprehensive. Coy, or incomplete
> disclosures ... are not sufficient.

Id.. (Citations and internal punctuation omitted.) A corollary of that requirement is that an application for employment is not complete until the requisite disclosure has been made. The failure to file a sufficiently detailed disclosure, even if the failure is merely negligent or inadvertent, id. at 849, does not provide the Court and parties in interest the information they need to judge whether the Code's standards are being met. Id.; see Interwest Business, 23 F.3d at 317 ("The applications and accompanying affidavits in this case do not contain specific facts that would have enabled the court to rule out the conflicts....").

> [I]t is not the court's job to search through the
> record to find all relevant facts relating to an
> attorney's employment. It is counsel's [or
> applicant's] duty to provide the court with the
> information necessary to determine whether to appoint
> counsel.

Smitty's Truck Stop, 210 B.R. at 849. (Citations omitted.) And it should go without saying that the disclosures must be accurate.

To begin with, Counsel's initial disclosure was not accurate.[6] It listed a total of $13,500, when in fact $18,500

---

[6] The Court has assumed that the second disclosure is accurate. Consistent with a practice in which virtually all
(continued...)

had been received.  In addition, the Debtor paid $5,000, not $3,500.  And the $3,500 came from Ms. Lopez, who went completely unmentioned in the initial disclosure.

In addition, Carlos Trujillo was initially identified only vaguely as a "Third Party" and "a person not a Creditor".  This is not sufficient.  The purpose of the disclosure is to allow any party in interest to make an independent judgment about the effect on the estate of any given payment.  A "person not a Creditor" is too vague a description to allow a party in interest to make at least an initial determination about the identity of the payor or the relationship of the payor to the debtor, the estate or the professional.

It is true that an application ordinarily need not contain a "biography" of the payors.  On the other hand, the identity of these payors and their connection to the debtor, the estate and Counsel are not immediately obvious, as compared to, for example, the debtor itself which contributed the Corporate Funds.  Parties in interest, including the United States Trustee and creditors, as well as the Court, ought to be able to know who it is who is paying the professional without having to conduct a Rule 2004 examination or an evidentiary hearing.  In this instance Counsel

---

[6](...continued)
these sorts of applications are decided on the papers, the Court has not conducted a final evidentiary hearing at which Counsel might be required to produce copies of checks and an accounting.

needs to say who these people are and what their relationship is to the debtor, to any officers or shareholders of the debtor, or to Counsel. There have been hearings during which Mr. Carlos Trujillo or Ms. Lopez may have been identified, but that sort of incidental disclosure clearly is insufficient for employment or compensation matters.

The concern addressed by this disclosure is that the "disinterested" requirement of § 327 as defined by § 101(14)(E) calls for a professional to

> not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

See generally In re Roberts, Inc., 46 B.R. 815, 827-29 (Bankr. D. Utah 1985), aff'd in part, modified in part, and rev'd in part 75 B.R. 402 (D. Utah 1987) (chapter 11 counsel for corporate debtor in possession denied all fees and reimbursement for failure to disclose conflicts of interest and lack of disinterestedness).[7] A "person not a Creditor" could mean a person that made a gift to the debtor by advancing the funds without expecting repayment, or the phrase could mean a person who only became a creditor by advancing the funds with an expectation of repayment from the

---

[7] The oft cited Roberts decision succeeds in its self-proclaimed mission of comprising a "thorough analysis of the law of conflicts of interest as it impacts on bankruptcy cases and proceedings...." Id. at 821.

Page 7 of 11

debtor.  Such a person might or might not be listed on schedule F[8] or might even claim to be an administrative creditor at some point.  The phrase could describe a person connected with the debtor's owner or manager and whose interests are probably congruent with management.  Or it could describe a competitor with an interest in seeing the debtor in bankruptcy such as, for example, a rival seeking to purchase the business or assets from a trustee or seeking to eliminate the debtor as a competitor.  A professional accepting payment from any such person might end up with conflicting loyalties, or perhaps be subject to the payor seeking "access" to the professional as a result of the payment.  Thus any "interest or relationship that would even faintly color the independence and impartial attitude required by the Code and Bankruptcy Rules" needs to be disclosed.  In re Cook, 223 B.R. at 789.  (Internal punctuation and citation omitted.)[9]  Each party in interest, as well as the Court, is entitled to have that information in order to draw an independent conclusion about the professional's loyalties.

---

[8] Neither Olivia Lopez nor Carlos Trujillo is listed on Schedule F, filed November 13, 2006 (doc 47).

[9] For example, in Land v. First National Bank of Alamosa (In re Land), 943 F.2d 1265 (10th Cir. 1991), the court found it significant that the primary contributor of attorney's fees was the debtor's brother, who expected to be repaid from any judgment entered in favor of the debtor in certain litigation.  Id. at 1266 (chapter 11 debtor's attorney required to return fees to third parties because attorney had failed to obtain court approval of employment).

Page 8 of 11

In addition Olivia Lopez is not identified at all in the schedules or SOFA or anywhere else in the court file. The Court has no idea from the file who this person is or what her connection is to the debtor. That she was a payor, or had agreed to be a payor, should have been disclosed no later than fifteen days after the payment or after the agreement for her to be a payor. Rule 2016(b).

Conclusion and Order:

What this all means is that even now Counsel has not fully disclosed the source of payments it has received. The consequence of the continuing failure of disclosure is that the Court cannot approve Counsel's employment, at least not yet.

IT IS THEREFORE ORDERED that within fifteen days from the entry of this order Counsel shall file a supplement to the amended application and Rule 2016 statement (doc 130) and notice it out to all parties in interest, with a twenty-day deadline to raise further objections to Counsel's employment. The amendment shall disclose (1) who Carlos Trujillo and Olivia Lopez are, (2) what are their relationships to the Debtor, any insider of the Debtor, or Counsel, and (3) what are the expectations of Carlos Trujillo and Olivia Lopez concerning repayment of the sums advanced to Counsel both prepetition and post postpetition. If the additional disclosure does not disclose any conflicts or other problems for the estate (regardless of whether the Court

reaches that conclusion in the absence of a further objection or after a hearing on any objection), the Court will approve the employment of Counsel as of the date of the amended disclosure required by this order.[10] This order being issued today does not constitute a ruling one way or the other on the issue of whether the payment arrangements described herein comply with § 329.

                    /s/ James S. Starzynski
                    Honorable James S. Starzynski
                    United States Bankruptcy Judge

copies to:

Christopher J DeLara
PO Box 93880
Albuquerque, NM 87109-3880

Sean E Garrett
Butt Thornton & Baehr PC
4101 Indian School Rd NE, Ste 300S
PO Box 3170
Albuquerque, NM 87190-3170

Duane Geck
Severson & Werson
One Embarcadero Ctr
San Francisco, CA 94111

Donald Cram
Severson & Werson
One Embarcadero Ctr
San Francisco, CA 94111

---

[10] If the Court approves the application, it will be at the rates proposed in the application, except that Counsel will be allowed to charge no more than $200 per hour for Mr. Needler's services. Consistent with this Court's practice, Counsel may seek approval of a higher rate for Mr. Needler by means of a further separate hearing to address that issue. See this court's materials for Year in Review, 2004, ¶1(b), on this Court's chambers web page at www.nmcourt.fed.us.

Thomas D Walker
500 Marquette Ave NW Ste 650
Albuquerque, NM 87102-5309

William L Needler
555 Skokie Blvd #500
Northbrook, IL 60062

Walter L Reardon, Jr
3733 Eubank Blvd NE
Albuquerque, NM 87111-3536

Alice Nystel Page
PO Box 608
Albuquerque, NM 87103-0608

William F Davis
6709 Academy NE, Suite A
Albuquerque, NM 87109

John H. Mueller
PO Box 2939
Tampa, FL 33601

James Jurgens
100 La Salle Cir Ste A
Santa Fe, NM 87505-6976