UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
RIO VALLEY MOTORS COMPANY, LLC
    Debtor.                                      No. 11-06-11866 SS

**MEMORANDUM OPINION ON MOTION TO RECONSIDER**
**ORDER DENYING DEBTOR-IN-POSSESSION'S APPLICATION**
**TO EMPLOY WILLIAM L. NEEDLER AS CHAPTER 11 COUNSEL**

This matter is before the Court on Attorney William L. Needler's Motion to Reconsider, Vacate, Amend and Modify (the "Motion")(doc 220) the August 29, 2007 order denying Debtor-in-Possession's Application to Employ William L. Needler as Chapter 11 Counsel ("Employment Order")(doc 216). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A). The Court has reviewed the Motion and consulted the applicable authorities and finds that the Motion is not well taken and will be denied.

The Motion was timely filed on the first business day following the tenth day after entry of the Employment Order.[1] Therefore, it will be treated as a motion under Rule 59(e). See Lopez v. Long (In re Long), 255 B.R. 241, 244 (10th Cir. B.A.P. 2000). The grounds that warrant a motion to reconsider include 1) an intervening change in the law, 2) new evidence previously unavailable, and 3) the need to correct clear error or prevent

---

[1] The Motion recites that a supporting memorandum would be filed within fourteen days of the filing of the Motion. Id. at 13. No memorandum was subsequently filed, and in any event the 13-page Motion is replete with factual allegations and citations to legal authorities, such that the Court concludes that the Motion was intended to be counsel's submission.

manifest injustice.  Servants of the Paraclete v. Doe, 204 F.3d 1005, 1012 (10th Cir. 2000).  "[A] motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  Id.  Motions for reconsideration should not revisit issues already argued or advance arguments that could have been raised earlier.  Id.

The Motion does not claim an intervening change in the law, nor does it allege there is newly discovered evidence.  Rather, it consists of a lengthy reiteration of the history of the case and much reargument of issues already addressed by the Court in the Order.  The Court will address one new legal theory advanced in the Motion, however.  That is, Mr. Needler argues that his employment award should be entered nunc pro tunc, citing numerous cases.  It is true that in some jurisdictions nunc pro tunc approval of professionals has been allowed.  As a general rule, however, such employment is allowed only in exceptional circumstances.  See Land v. First Nat'l Bank of Alamosa (In re Land), 943 F.2d 1265, 1267-68 (10th Cir. 1991); In re Ewing, 54 B.R. 952, 954-55 (D. Colo. 1985).  See also F/S Airlease II, Inc. v. Simon (In re F/S Airlease II, Inc.), 844 F.2d 99, 105 (3rd Cir. 1988).  However, Mr. Needler does not set forth any exceptional or extraordinary circumstances that would allow nunc pro tunc approval in this case.  Rather, he cites to the record and comments on how successful this bankruptcy case has been.

This Court agrees with the F/S Airlease II Court on this point: "[T]he fact that the applicant's services were [at least somewhat] beneficial to the debtor's estate is immaterial to this court's decision regarding nunc pro tunc approval." Id. at 108 (Citation and quotation omitted.) An unavoidable consequence of the statutory requirement of prior approval is some unjust enrichment. Id.

**CONCLUSION**

For the reasons stated above, the Court finds that the Motion to Reconsider is not well taken. An Order will be entered denying the Motion.

_____
Honorable James S. Starzynski
United States Bankruptcy Judge

copies to:

Walter L Reardon, Jr
3733 Eubank Blvd NE
Albuquerque, NM 87111-3536

Alice Nystel Page
PO Box 608
Albuquerque, NM 87103-0608

William L Needler
555 Skokie Blvd #500
Northbrook, IL 60062

Duane Geck
Severson & Werson
One Embarcadero Ctr
San Francisco, CA 94111

James Jurgens
100 La Salle Cir Ste A
Santa Fe, NM 87505-6976