UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
RIO VALLEY MOTORS COMPANY, LLC
    Debtor.                                   No. 11-06-11866 SS

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**
**ON MOTION TO FILE ADMINISTRATIVE CLAIM**

This matter came before the Court for trial of Auto-Owners Insurance Company's ("AOIC") Motion to File Administrative Claim (doc 164), and the objection thereto by Debtor (doc 201). AOIC appeared through its attorney Guebert, Bruckner & Bootes, P.C. (Christopher J. DeLara). Debtor appeared through its attorney Walter L. Reardon, Jr. This is a core proceeding. 28 U.S.C. § 157(b)(2)(A). This matter involves a claim by AOIC for the value of a vehicle delivered to Debtor, a car dealership, around the time of the filing of its Chapter 11 case, for which the selling dealer was not paid. The Court finds that AOIC is entitled to an administrative claim.

**FACTS**

1.  Debtor, a car dealership in northern New Mexico, filed its Chapter 11 case on October 13, 2006.

2.  In the car dealership business, it is common practice to trade inventory between dealerships. Usually the trade involves making adjustments to the floor financing of the vehicles at the dealerships. In a small percentage of cases, however, the trade of the vehicles is accompanied by

a trade of checks to pay for the vehicles. AOIC's claim results from a failure of a check-for-check transaction.

3. Winslow Ford ("Winslow"), an Arizona dealership, initiated contact with the Debtor in October 2006. Winslow wanted a $38,152.80 Chevy Suburban in Debtor's inventory. Debtor wanted a $43,520.64 Ford F-250 Super Duty in Winslow'S inventory. The parties agreed to swap the vehicles and to swap checks to pay for them. When the dust settled, Winslow ended up with the Chevy Suburban and no money[1] and Debtor ended up with $38,152.80 and the Ford F-250 Super Duty. Debtor promptly sold the Ford F-250 to a customer for a profit.

4. The parties called four witnesses in total. The Court finds that each witness was intent on being truthful and accurate, yet there are two conflicting versions of the facts.[2] Under the first version, presented by AOIC, the vehicle swap took place on October 17, 2006. Under the second version, presented by Debtor, the vehicle swap took place on or about October 11, 2006. As discussed in more detail below, the Court does not need to decide which set of facts is more

---

[1] Actually, Winslow presented a claim to AOIC and received the value of the F-250 Super Duty. AOIC is now pursuing Winslow's claim.

[2] Neither party presented documentary evidence such as credit card receipts or phone records to bolster its version of the events.

Case 06-11866-s11    Doc 288    Filed 03/24/08    Entered 03/24/08 13:41:40 Page 2 of 6

convincing because AOIC is entitled to an administrative expense claim under either.

**CONCLUSIONS OF LAW**

1. Isaac v. Temex Energy, Inc. (In re Amarex, Inc.), 853 F.2d 1526 (10th Cir. 1988) is the controlling Tenth Circuit case on administrative expenses under Bankruptcy Code § 503(b)(1)(A). To receive priority as an administrative expense, the expense must fulfill both of the following prongs: 1) the expense must arise out of a transaction between the creditor and either the trustee or the debtor-in-possession; and 2) the consideration supporting the creditor's right to payment must be both supplied to and beneficial to the debtor-in-possession in the operation of the business. Id. at 1530. If the transaction in this case occurred on October 17th then it was a transaction with the debtor-in-possession and was beneficial to the debtor-in-possession. It therefore is entitled to administrative priority.

2. Section 503(b)(9) gives administrative priority to "the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the

ordinary course of such debtor's business."[3]  If the transaction in this case occurred on October 11th then it falls under § 503(b)(9) and is entitled to administrative priority.

3. The pleadings in this case and AOIC's portion of the evidence in this case were all directed to an administrative expense under Section 503(b)(1).  <u>E.g.</u>, Motion to File Administrative Claim, at 2, doc 164, and Auto-Owners Insurance Company's Reply in Support of Motion to File Administrative Claim, at 1 ("Finally, Auto-Owners did not violate the automatic stay becasue the transaction occurred post-petition,....").  Doc 189.  However, at the conclusion of Debtor's case AOIC moved to conform the pleadings to the evidence to also seek relief under Section 503(b)(9).  <u>See</u> Fed.R.Civ.P. 15(b), incorporated into Rule 7015, F.R.B.P.  Although "rule 15(b) mandates liberal amendments to conform pleadings to the evidence," <u>Dunn v. Ewell (In re Santa Fe Downs, Inc.)</u>, 611 F.2d 815, 817 (10th Cir. 1980), in this instance Debtor clearly objected.  The Court took the objection under advisement, and now overrules it, since the heart of the factual and legal dispute, and therefore the evidence, focused on exactly when the F-250 was delivered to

---

[3] The statute does not require demand on the debtor by the creditor to return the goods as a condition of making the claim. <u>See</u> §546(c)(2).

the Debtor.  AOIC may have become aware of §503(b)(9) rather late in the game, but it is clear that Debtor was fully aware of that provision.  And even if Debtor's knowledgeable counsel were not thinking of that provision throughout the trial, Debtor was not prejudiced by its being raised explicitly so late in the trial.

4. Debtor argued that AOIC violated the automatic stay in the course of trying to deal with this problem, and therefore should be estopped from making the administrative claim. The Court is not ruling on whether AOIC did violate the stay; its refusal to cooperate with the process of providing the purchaser of the F-250 a title may well have constituted a violation of the stay in light of the protections afforded AOIC by the Code and as evidenced in this judgment. However, the time to have dealt with the alleged stay violation was when it was occurring rather than now, at least in the circumstances of this case.

The Court therefore grants AOIC's motion.

## CONCLUSION

If the vehicle swap occurred postpetition, AOIC is entitled to an administrative expense claim under Section 503(b)(1).  If it occurred prepetition, AOIC is entitled to an administrative expense claim under Section 503(b)(9).  A separate Order will enter.

_[signature]_

Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket: March 24, 2008

copies to:

Walter L Reardon, Jr
3733 Eubank Blvd NE
Albuquerque, NM 87111-3536

Auto-Owners Insurance Company
c/o Atty Christopher J. Delara
PO Box 93880
Albuquerque, NM 87199-3880